**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br>vs.<br><br>Roger F. Kennedy, Donna J. Kennedy, individually, as Trustee under a Declaration of Trust dated August 9, 1989, Davy Ministries, a purported "Corporation Sole," Daryl Kunz, Penelope Kunz, St. Alexius Medical Center Credit Union, and The Treasurer of Mercer County, North Dakota<br><br>Defendants. | **ORDER DENYING DEFENDANTS' MOTIONS TO SET ASIDE DEFAULT**<br><br>Case No. 1:05-cv-084 |

On July 25, 2005, the Government filed the above-entitled action seeking to reduce various federal income tax assessments to judgment, to foreclose on federal tax liens related to those assessments, and to obtain a judicial sale of the property. Complaint, ¶ 1. On September 19, 2005, the defendant, Roger F. Kennedy, filed a packet of tax protestor documents with the Court contending that he has no money available with which to pay a debt because there is no lawful money in circulation. See Docket No. 4.

On September 27, 2005, the Government filed a motion seeking to have the tax protestor documentation stricken from the record pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.[1] Kennedy did not file a response to that motion. In an order dated November 14, 2005,

---

[1]Rule 12(f) of the Federal Rules of Civil Procedure provides as follows:

> **Motion to Strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

the Court granted the Government's motion and found that Kennedy's documentation did not comply with Rule 8(b) of the Federal Rules of Civil Procedure. The order further stated that "[t]he defendant, Roger F. Kennedy, shall file an appropriate answer which conforms to Rule 8(b) and (e) of the Federal Rules of Civil Procedure within ten (10) days from the date of this order or risk the entry of default judgment." See Docket No. 9.

In response, Kennedy filed an another tax protestor-type document entitled "Verified Affidavit in the Truth" on November 14, 2005. The affidavit may best be described as nonsensical. By way of illustration, the document states, in part, as follows:

> 1. Daniel L. Hovland d/b/a DANIEL L. HOVLAND, CHIEF JUDGE does not have my permission, consent, or consent by assent to make any legal determinations for me.
> 2. Daniel L. Hovland d/b/a DANIEL L. HOVLAND, CHIEF JUDGE, learned in law, knows or should know that the UNITED STATES is a legal fiction and therefore could not possibly file any Motion as it does not exist but as a creature of the mind only.
>
> . . .
>
> 6. Daniel L. Hovland d/b/a DANIEL L. HOVLAND, CHIEF JUDGE is fired if he thinks he represents this living soul
> 7. The government seeks to strike all of my documents as it reveals the fraud and corruption they are doing my converting codes, statutes and case law into law as if Congress has ever affirmed codes, statutes or case law. It is a crime to convert any of the above into crimes against living souls. De facto law is null and void.
>
> . . .
>
> 16. I am not the guarantor or surety for the Fiction ROGER F. KENNEDY ©.
> 17. I am the registered creditor for ROGER F. KENNEDY ©.
>
> . . .
>
> 22. I am not in receipt of any evidence or material fact demonstrating that Daniel L. Hovland d/b/a DANIEL L. HOVLAND, CHIEF JUDGE has any type of jurisdiction over me, a living soul.

See Docket No. 10. On November 16, 2005, the Government filed a motion to have the document stricken. See Docket No. 12.

Following Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of Court entered

default against defendant Donna J. Kennedy and Roger F. Kennedy on November 11, 2005,[2] and November 28, 2005,[3] respectively. See Docket Nos. 11 and 14.

On December 5, 2005, Roger Kennedy and Donna Kennedy filed separate, but identical, documents entitled "**CONSTRUCTIVE NOTICE AND DEMAND FOR ABATEMENT**." The documentation provides, in part, as follows:

> 1. The complaint against ROGER F. KENNEDY, a fictitious name, was delivered into my hand and dated November 28, 2005. As a prudent Man who fears that his ignoring of the instrument might well result in coercive procedures being used against him, I have chosen to approach this court with this demand that the court abate the instrument so it cannot in its present form, further restrain my liberties.
> 2. That the instrument was served on or delivered to me is evidence that this is a case of misnomer or mistaken identity. The instrument is against a fictitious name, "ROGER F. KENNEDY." My given, Christian name is "Roger-Franklin," with the initial letters capitalized as required by Rules of English Grammar for the writing of the names of living souls, flesh and blood men. My patronymic, family name or surname is "Kennedy" with the initial letter capitalized. The complaint does not name me.

See Docket No. 15.[4] Attached to both sets of documents was a copy of the Government's request for entry of default against Roger Kennedy. See Docket No. 13. In order to give the pro se defendants the benefit of any doubt, the Court treated the documentation as a motion to set aside entry of default as provided for under Rule 55(c).

Under Rule 55(c) of the Federal Rules of Civil Procedure, the Court may set aside entry of default "[f]or good cause shown." Relevant considerations include "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense,

---

[2]Default was also entered against Davy Ministries at that time. See Docket No. 11.

[3]The Government had filed an application for entry of default against Roger Kennedy on November 28, 2005. See Docket No. 13. The filing prompted entry of default.

[4]Donna Kennedy's filing is identical, except her name appears in the place of Roger F. Kennedy. See Docket No. 16.

and whether the other party would be prejudiced if the if the default were excused. Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998) (citing Hoover v. Valley West DM, 823 F.2d 227, 230 (8th Cir. 1987)).

The pleadings filed by the defendants on December 5, 2005, reveal that both Roger F. Kennedy and Donna J. Kennedy rely upon the never before seen and ill-advised "fictitious name" defense. Suffice it to say, the Defendants' proffered argument to abate or set aside the default does not equate with "good cause shown." Additionally, none of the factors outlined by the Eighth Circuit weigh in favor of setting aside default in this case. Defendant Roger F. Kennedy's Motion to Set Aside Default is **DENIED** (Docket No. 15). Likewise, defendant Donna J. Kennedy's Motion to Set Aside Default is **DENIED** (Docket No. 16).

**IT IS SO ORDERED.**

Dated this 5th day of January, 2006.

Daniel L. Hovland, Chief Judge
United States District Court