**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER GRANTING DEFENDANT'S** |
| Roger F. Kennedy, Donna J. Kennedy, ) | **MOTION TO SET ASIDE DEFAULT** |
| individually, as Trustee under a Declaration ) | |
| of Trust dated August 9, 1989, Davy ) | |
| Ministries, a purported "Corporation Sole," ) | |
| Daryl Kunz, Penelope Kunz, St. Alexius ) | |
| Medical Center Credit Union, and ) | Case No. 1:05-cv-084 |
| The Treasurer of Mercer County, ) | |
| North Dakota ) | |
| ) | |
| Defendants. ) | |

On July 25, 2005, the Government filed the above-entitled action seeking to reduce various federal income tax assessments to judgment, to foreclose on federal tax liens related to those assessments, and to obtain a judicial sale of the property. Complaint, ¶ 1. On August 29, 2005, defendant Roger F. Kennedy was personally served with a copy of the summons and complaint. See Docket No. 2. Kennedy failed to file an answer within twenty (20) days as required by Rule 12(a) of the Federal Rules of Civil Procedure. As a result, the Clerk of Court entered default against Roger Kennedy on November 28, 2005. See Docket No. 14.

On December 5, 2005, Roger Kennedy filed a pleading entitled "Constructive Notice and Demand for Abatement." See Docket No. 15. The Court treated the pleading as a motion to set aside default under Rule 55(c) of the Federal Rules of Civil Procedure. However, in an order dated January 5, 2006, the Court denied the motion to set aside default for failure to show good cause. See Docket No. 21.

In the interim, the Government filed a Motion for Default Judgment against Roger Kennedy

1

on December 27, 2005.  See Docket No. 17.  A hearing on the motion for default judgment was scheduled for January 27, 2006, in Bismarck, North Dakota.  See Docket No. 22.  On the day before the hearing, Roger Kennedy hand-delivered a letter to the Court.  See Docket No. 24.  The letter was not tantamount to an answer under Rules 8 and 12 of the Federal Rules of Civil Procedure, but merely rehashed arguments previously raised by Kennedy.  Again, giving Kennedy the benefit of all doubt, the Court treated the letter as a motion to set aside default and cancelled the hearing.  On January 31, 2006, the Government filed a response wherein it did not oppose setting aside default, but urged the Court to require Kennedy to file a formal answer or risk entry of default judgment.  See Docket No. 26.  Thereafter, on February 14, 2006, Kennedy filed a supplemental brief reiterating frivolous tax protestor arguments.  See Docket No. 27.

To date, Kennedy has failed to comply with any order of this Court.  Despite that indifference, the Court will follow the Government's recommendation.  The Court **GRANTS** Kennedy's Motion to Set Aside Entry of Default (Docket No. 24) and directs the Clerk of Court to set aside entry of default as to defendant Roger F. Kennedy.

The Court expressly **ORDERS** defendant Roger F. Kennedy to file a clear, concise, and appropriate answer as required under Rules 8 and 12 of the Federal Rules of Civil Procedure, on or before Monday, March 13, 2006.  A clear, concise and appropriate answer is a legal document in which the defendant responds to each of the specific allegations set forth in the complaint.  The defendant must admit or deny each allegation.  Alternatively, the defendant may assert a lack of sufficient knowledge to respond to a particular allegation.  Such a response has the effect of a denial. A failure to respond to a specific allegation will amount to an admission of that allegation.  An answer should also assert any affirmative defenses on behalf of the defendant as required by Rule 8(c). The Court strongly urges defendant Kennedy to promptly consult with and retain an attorney to ensure that

a clear, concise, appropriate, and timely answer is filed on or before Monday, March 13, 2006. A failure to file an appropriate and timely answer, <u>or</u> the continued filing of frivolous, tax protestor pleadings, will result in serious consequences.

Specifically, if defendant Kennedy fails to file a clear, concise, and appropriate answer on or before March 13, 2006, then default judgment will be entered promptly. Again, the Court expressly states that <u>any</u> future pleadings, documents, letters, memos, <u>or</u> correspondence which are similar to, or resemble in any manner, the frivolous tax protestor-type pleadings and documents filed to date in this case, will be viewed with strong disfavor by the Court; will be dealt with in a prompt and decisive manner; will be viewed as frivolous which may warrant the assessment of costs and attorneys fees; and will result in the entry of default judgment. The Court has been patient to date. The Court has given pro se defendant Kennedy numerous opportunities to comply with the Federal Rules of Civil Procedure. Unfortunately, the opportunities provided to date have largely fallen on deaf ears. Simply stated, the practice of filing pleadings which are not in conformance with the Federal Rules of Civil Procedure, and the continued filing of pleadings which can be characterized as frivolous, at best, will not be tolerated. The more prudent and recommended course of action would be to promptly hire a competent tax attorney and do it right or bear the consequences.

**IT IS SO ORDERED.**

Dated this 1st day of March, 2006.

_/s/ Daniel L. Hovland_
Daniel L. Hovland, Chief Judge
United States District Court