**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| United States of America, | ) |
| | ) **ORDER GRANTING THE** |
| Plaintiff, | ) **UNITED STATES'** |
| | ) **MOTION FOR SUMMARY** |
| vs. | ) **JUDGMENT** |
| | ) |
| Roger F. Kennedy, Donna J. Kennedy, individually, as Trustee under a Declaration of Trust dated August 9, 1989, Davy Ministries, a purported "Corporation Sole," Daryl Kunz, Penelope Kunz, St. Alexius Medical Center Credit Union, and The Treasurer of Mercer County, North Dakota | ) ) ) Case No. 1:05-cv-084 ) ) ) ) ) |
| Defendants. | ) |

Before the Court is the United States' Motion for Summary Judgment filed on August 4, 2006. The Defendants filed a response in opposition on September 6, 2006. For the following reasons, the motion is granted.

**I.     BACKGROUND**

On July 25, 2005, the Government filed the above-entitled action seeking to reduce various federal income tax assessments to judgment, to foreclose on federal tax liens related to those assessments, and to obtain a judicial sale of the property. See Docket No. 1. On September 19, 2005, the defendant, Roger F. Kennedy, filed a packet of tax protestor-type documents with the Court. See Docket No. 4. On November 3, 2005, the Court granted the Government's Motion to Strike the tax protestor-type documents and further ordered Kennedy to file an appropriate answer. See Docket No. 9.

In response, Kennedy filed another tax protestor-type document entitled "Verified Affidavit

in the Truth" on November 14, 2005. See Docket No. 10. On November 16, 2005, the Government filed a motion to have the document stricken. See Docket No. 12. Several motions and orders of default were then filed, and the ultimate result was that the Clerk entered default against Daryl and Penelope Kunz for failing to answer. The defendants, Roger F. Kennedy, Donna J. Kennedy, individually and as "Trustee under a Declaration of Trust dated August 9, 1989" and "Davy Ministries, a purported 'Corporation Sole,'" retained counsel and filed an answer on March 27, 2006. See Docket No. 32.

## II.  FACTS

For tax years 1998, 1999, and 2000, Roger Kennedy and Donna Kennedy (the Kennedys) jointly filed Form 1040 federal income tax returns. However, the Kennedys failed to pay the full amount of tax reported on their Forms 1040. The IRS made tax assessments against the Kennedys for the amounts reported on the returns plus interest and penalties, including interests and penalties for late filing (for 1998) and failure to pay (all years) as follows:

| Tax Year | Date of Assessment | Assessed Amount | Accruals[1] | Total[1] |
|---|---|---|---|---|
| 1998 | 10/23/2000 | $16,975.34 | $ 8,894.51 | $ 25,869.85 |
| 1999 | 11/27/2000 | 80,115.41 | 36,447.09 | 116,562.50 |
| 2000 | 11/19/2002 | 65,712.05 | 23,254.01 | 88,966.06 |
|  |  |  |  | $231,398.41 |

See Docket Nos. 38-2, 38-3, 38-4, Exhibits A-C, Certificates of Assessments and Payments for Roger F. & Donna Kennedy for 1998-2000. The Kennedys admit that the IRS has made tax

---

[1] These amounts are calculated through December 15, 2004, and continue to accrue.

assessments against them for unpaid taxes in those years and that those amounts continue to accrue, but contest the total tax liability amount calculated.

The IRS filed Notices of Federal Tax Lien against Roger F. & Donna J. Kennedy with the Burleigh County Register of Deeds in connection with the assessments. <u>See</u> Docket No. 1. The IRS also filed Notices of Federal Tax Lien with the Burleigh County Register of Deeds and the North Dakota Secretary of State against "Office of Overseer of, Davy Ministries, and her Successors a Corporation Sole as the Alter Ego of Donna Kennedy" and "Donna Kennedy, Trustee, Under the Declaration of Trust, Dated Aug. 9, 1989, as the Alter Ego of Donna Kennedy." <u>See</u> Docket No. 1.

The United States now seeks a judgment reducing the federal income tax assessments against the Kennedys to judgment and allowing foreclosure of the federal tax liens associated with those assessments. The United States seeks to foreclose on two properties owned by the Kennedys. The first property (the residential property) is legally described as follows:

> Lot Fourteen (14), Block Twenty-Six, Homan Acres Third Addition to the City of Bismarck, Burleigh County, North Dakota.

<u>See</u> Docket No. 1. The second property is a lake home in Hazen, North Dakota (lake home) and is legally described as follows:

> Lot Ten (10), Pick City Cabin Site Area No. 2, Garrison Reservoir, Mercer County, North Dakota.

<u>See</u> Docket No. 1.

Several other parties were named in this action because they may claim an interest in one or more of the Kennedys' property on which foreclosure is sought. These named defendants are St. Alexius Medical Center Credit Union (St. Alexius), which claims a superior interest in the

residential property, and the Treasurer of Mercer County (Treasurer) who may claim an interest in the lake property. The Treasurer has not answered, but the United States recognizes that the Treasurer's real estate tax claims against the lake property are entitled to priority over the federal tax liens and will coordinate with Mercer County in the event of a sale of the lake property. See Docket No. 39. Further, the United States agrees that St. Alexius has a superior interest in the residential property. See Docket No. 39.

The Kennedys have admitted virtually every allegation in the complaint, including that they owe the tax debts to the United States for the years 1998-2000, that the tax liens were filed, and that the two entities, "Donna Kennedy, Trustee, under a Declaration of Trust dated August 9, 1989," and "Office of Overseer of, Davy Ministries, and her Successors Corporation Sole as the Alter Ego of Donna Kennedy," are the nominees and/or alter egos of Roger and Donna Kennedy. See Docket Nos. 32 and 38-1. The only contested issue is the amount of the total tax liability owed by the Kennedys. See Docket No. 43-1.

In support of the Motion for Summary Judgment, the United States has submitted certified Certificates of Assessments and Payments, as well as a Declaration of Susan Miller showing the current amount of debts. See Docket Nos. 40-2, 40-3, and 40-4, Exhibits A-C, Certificates of Assessments and Payments for Roger F. & Donna Kennedy for 1998-2000. See also Docket No. 40-1. The Certificates of Assessments and Payments show that, for the years 1998-2000, the total amount of tax and interest owed by the Kennedys, calculated through August 4, 2006, is as follows:

| | |
|---|---|
| 1998 | $ 24,557.00 |
| 1999 | 127,750.25 |
| 2000 | 97,444.86 |
| | $249,752.11 |

See Docket No. 40-1. Further, the United States has submitted the Declaration of Christopher R. Nebel (Nebel), an IRS technical advisor, who has reviewed both the 4340 forms (Docket Nos. 38-2, 38-3, and 38-4, Exhibits A-C to the United State's Motion for Summary Judgment) and the literal transcripts (Docket Nos. 40-2, 40-3, and 40-4, Exhibits A-C to the Declaration of Susan Miller). Nebel asserts that all of the entries on the Certificates of Assessments and Payments relate to the tax periods at issue in this suit. See Docket No. 44-2. Further, Nebel asserts that the entries posted on dates after the tax periods at issue are adjustments and additions, such as accrued interest, that relate back to the original assessment for the tax debts at issue. See Docket No. 44-2.

### III.    STANDARD OF REVIEW

It is well-established that summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Graning v. Sherburne County, 172 F.3d 611, 614 (8th Cir. 1999). A fact is "material" if it might effect the outcome of the case and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The basic inquiry for purposes of summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Quick v. Donaldson Co., Inc., 90 F.3d 1372, 1376 (8th Cir. 1996). The moving party has the initial burden of demonstrating to the Court that there are no genuine issues of material fact. If the moving party has met this burden, the non-moving party cannot simply rest on the mere denials or allegations in the pleadings. Instead, the non-moving party must set forth

specific facts showing that there are genuine issues for trial. Fed.R.Civ.P. 56(e). A mere trace of evidence supporting the non-movant's position is insufficient. Instead, the facts must generate evidence from which a jury could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## IV.     LEGAL DISCUSSION

Certificates of Assessments and Payments are prima facie evidence of the validity of federal tax assessments and are sufficient evidence that assessments were made in accordance with the statutory and regulatory requirements. See United States, v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) (stating that "the Certificates of Assessments and Payments submitted by the government here are sufficient to establish the validity of the assessments"); Long v. United States, 972 F.2d 1174, 1881 (10th Cir. 1992). When the United States produces such Certificates and thereby establishes that it has valid assessments against a taxpayer, the burden shifts to the taxpayer to prove that the assessments were erroneous. Kiesel v. United States, 545 F.2d 1144, 1146 (8th Cir. 1976); United States v. Strebler, 313 F.2d 402, 403 (8th Cir. 1963). If the taxpayer fails to produce any countervailing proof that the assessments on the certificates are incorrect, the trial court is "required ... to enter a summary judgment for the amount of taxes to be due." Lane v. United States, 328 F.2d 602, 603 (5th Cir. 1964).

It is clear that the Kennedys' only dispute is the total tax liability amount calculated. See Docket No. 43-1. The Kennedys agree that most of the tax debt is owed, but assert that the Certificates of Assessments and Payments contain improper new tax liabilities. Specifically, the Kennedys assert that the assessed amounts include liabilities for their failure to file tax returns

subsequent to 2000. However, the Kennedys have presented no evidence to support their claim, nor do they point to any specific assessments as being improper. The only "evidence" the Kennedys have produced is a claim by their counsel, unsupported by an affidavit, that the transcripts for the tax periods at issue include new tax assessments from the intervening years. As a matter of law, however, "statements of counsel are not evidence and do not create issues of fact." Exeter Bancorporation, Inc. v. Kemper Securities Group, Inc., 58 F.3d 1306, 1312 n.5 (8th Cir. 1995) (internal citations omitted).

The Court finds that the United States, through its presentation of Certificates of Assessments and Payment and the declarations of Susan Miller and Christopher Nebel, has met its initial burden of showing that there are no genuine issues of material fact as to the Kennedys' total tax liability for the years 1998-2000. The Court also finds that the Kennedys have failed to produce any evidence to support their position that the amount of assessed tax liability is improper.

No disputed issues of material fact remain between the United States and the other defendants. In addition, the United States acknowledges the superior claims of the Treasurer of Mercer County as to the lake property and of St. Alexius Medical Center as to the residential property, and neither defendant opposed entry of summary judgment.

Having reviewed the evidence in a light most favorable to the Kennedys, the Court finds, as a matter of law, that the Defendants have not created a genuine issue of material fact and that summary judgment is appropriate.

**V.     CONCLUSION**

For the reasons set forth above, the Court **GRANTS** the United States' Motion for Summary Judgment (Docket No. 37).  The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

Dated this 29th day of September, 2006.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court
