# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) **ORDER OF SALE** |
| v. | ) |
| ROGER F. KENNEDY, et al. | ) Case No. 1:05-cv-00084 |
| Defendants. | ) |

Pursuant to 28 U.S.C. §§ 2001 and 2002, the Court enters this Order of Sale directing the sale of certain real properties, described below, in which defendants Roger F. Kennedy and Donna J. Kennedy, both individually and as trustee under a trust declaration dated August 9, 1989, and Davy Ministries, a purported "corporation sole," hereinafter "Kennedy defendants," have an interest, and which are located in Burleigh County and Mercer County, North Dakota.

On October 16, 2006, the Court entered judgment against the Kennedy defendants for federal income tax assessments made against them for tax years 1998, 1999, and 2000, in the amount of $252,842.14 as of October 16, 2006, with interest to accrue until these debts are paid in full.

That judgment also allows the United States to foreclose its federal tax liens against the property interests of the Kennedy defendants in the following real properties (hereinafter "the Properties"):

Parcel 1: Lot Fourteen (14), Block Twenty-Six (26), Homan Acres Third Addition to the City of Bismarck, Burleigh County, North Dakota; and

Parcel 2: Lot Ten (10), Pick City Cabin Site Area No. 2, Garrison Reservoir, Mercer County, North Dakota.

2304154.1

**IT IS ORDERED** that the Internal Revenue Service (hereinafter referred to as "IRS" and including its authorized agents or officers) is authorized and directed, under 28 U.S.C. §§2001 and 2002, to proceed forthwith, without further order or process, to offer for sale at public auction, to advertise and sell, without appraisal and subject to any unpaid real property taxes or special assessments, to the highest bidder, according to law and pursuant to the terms and conditions set forth herein, each of the Properties.

**IT IS FURTHER ORDERED** that this Order shall act as a Special Writ of Judicial Sale, and no further order or process from the Court shall be required.

**IT IS FURTHER ORDERED** that sales of the Properties are ordered pursuant to 28 U.S.C. §2001(a), and each sale is made without right of redemption.

**IT IS FURTHER ORDERED** that the Properties described above shall be sold pursuant to the terms and conditions set forth in this Order as follows:

1. The IRS, including its agents or officers, is authorized and directed under 28 U.S.C. §§ 2001, 2002, and 2004, to offer the Properties for public sale, and to sell the Properties subject to approval of the Court.

2. The IRS is authorized to have free access to each property until the respective deed is delivered to the ultimate purchaser of the property.

3. The terms and conditions of each sale are as follows:

    a. The sale of the property shall be free and clear of the interests of the Kennedy defendants, as defined above, and all parties to this action;

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the property, and easements and restrictions of record, if any;

c. The sale shall be held either at the federal courthouse of the judicial district in which the Properties are located, at the respective County Courthouse, at the office of the IRS, or on the Properties' premises;

d. The date and time for sale are to be announced by the IRS. The IRS is permitted to enter the premises and prospective buyers shall be allowed to inspect the interior and exterior of the Properties at such time as the IRS shall determine is reasonable and convenient;

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Burleigh County and Mercer County, respectively, and at the discretion of the IRS, by any means deemed appropriate. The notice shall contain a description of the respective property and shall contain the terms and conditions of sale in this Order
of Sale;

f. The minimum bid shall be set by the IRS. If the minimum bid is not met or exceeded, the IRS may, without further permission of this Court, and under the terms and conditions in this Order of Sale, hold a new public sale, if necessary;

g. The successful bidder for each parcel shall be required to deposit $10,000 with the IRS by certified or cashier's check or cash payable to the United States District Court for the District of North Dakota, immediately upon the respective property being struck off and awarded to the highest bidder. Before being permitted to bid at the sale, bidders shall display to the IRS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the payment required by this order of sale;

h. The balance of the purchase price shall be tendered to the IRS by certified funds, payable as indicated above, no later than thirty (30) days after the sale is confirmed by the Court;

i. If the bidder fails to pay the purchase price in full, the deposit shall be forfeited and the property shall again be offered for sale or sold to the second highest bidder without further permission of this Court, under the terms and conditions of this Order of Sale;

2304154.1

j. The United States may bid as a creditor against its judgment without tender of cash;

k. The sale of each property shall be subject to the confirmation by this Court. On confirmation of the particular sale and receipt of the entire purchase price for the property, the IRS shall execute and deliver a deed of judicial sale conveying the property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to that property that are held or asserted by all parties to this action are discharged and extinguished;

l. No later than twenty (20) days after receipt of the balance of the purchase price, the IRS shall file a report of sale with the Court; and

m. The sales are ordered pursuant to 28 U.S.C. §2001, and are made without right of redemption.

4. Until the Properties are sold, the Kennedy defendants shall take all reasonable steps necessary to preserve the Properties (including all buildings, improvements, fixtures and appurtenances on the Properties) in their current condition including, without limitation, maintaining a fire and casualty insurance policy on the property. They shall neither commit waste against the property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the property nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to affect adversely the value of the Properties or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they permit or cause anyone else to do so.

5. Until the Properties are sold, the Kennedy defendants bear the risk of loss, if any, regarding the Properties, and should either property be destroyed prior to its sale and the Kennedy defendants be entitled to insurance proceeds, such insurance proceeds shall be paid into the Clerk of the United States District Court for the District of North Dakota for further distribution.

6. All persons occupying the Properties shall leave and vacate the Properties permanently within 30 days from the receipt of this Order, each taking with them all personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to leave and vacate the Properties by the time specified in this Order, the IRS will coordinate with the United States Marshal for the District of North Dakota and his deputies to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the Properties by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and the IRS will coordinate with the United States Marshal and his deputies to remove it and to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

7. The proceeds arising from the sale of Parcel 1 are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the following manner:

   A.   To the IRS for the administrative costs of the sale of Parcel 1;

   B.   To St. Alexius Medical Center Credit Union for payment of a mortgage it holds on Parcel 1;

   C.   To the United States Department of Justice to be applied to the outstanding federal tax liabilities of the Kennedy defendants, as set forth above; and

    D.       The balance, if any remains, to the Kennedy defendants.

8. The proceeds arising from the sale of Parcel 2 are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the following manner:

    A.       To the IRS for the administrative costs of the sale of Parcel 2;

    B.       To the Treasurer of Mercer County for real estate taxes due and owing and any other fees with respect to Parcel 2;

    C.       To the United States Department of Justice to be applied to the outstanding federal tax liabilities of the Kennedy defendants, as set forth above; and

    D.       The balance, if any remains, to the Kennedy defendants.

**IT IS SO ORDERED**.

Dated this 3rd day of April, 2007.

                                              */s/ Daniel L. Hovland*
                                              Daniel L. Hovland, Chief Judge
                                              United States District Court